UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CARRILLO,<br><br>                             Petitioner,<br><br>      v.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>                             Defendant. | Civil No.   08-cv-2165-LAB (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS WRIT OF HABEAS CORPUS BE GRANTED**<br><br>**[Document No. 4]** |

### I. Introduction

Petitioner, Paul Carrillo, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus (hereinafter, "Petition") pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent moves to dismiss the Petition, asserting it is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). (Doc. 4.) Petitioner filed an opposition to the motion (hereinafter, "Opposition"), claiming the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (hereinafter, "AEDPA") is inapplicable to the instant case. (Doc. 6.) Petitioner requested, in the alternative, statutory and equitable tolling of the statute of limitations so that his Petition may be found timely. (Doc. 6.) In accordance with Local Rule 72.1(d) and based upon a review of the parties' pleadings, this Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED.

//
//
//

## II. Procedural Background

Petitioner is a prisoner of the State of California. Petitioner's commitment offense occurred on Feburary 11, 1981. (Doc. 1.) On January 13, 1982, a jury convicted Petitioner of first degree murder with use of a firearm, robbery, and unlawfully taking a vehicle. Id. The same jury sentenced Petitioner to life without the possibility of parole. Id. Petitioner's term started on February 25, 1982. The record does not indicate if Petitioner appealed his conviction.[1] Id.

At the time of Petitioner's conviction, section 2817 of the California Code of Regulations (hereinafter, "CCR"), title 15, provided that certain prisoners serving life without the possibility of parole would receive a review hearing 12 years after prison reception and every third year thereafter to determine if the prisoner should be considered for commutation of sentence and for pardon. Id. The Briggs Initiative (Proposition 7, November 7, 1978 election) amended section 2817 to provide for 30 year review of life without the possibility of parole prisoners but preserved the original, 12 year review hearing for those whose commitment offense occurred prior to September 12, 1982. Id. The Board of Parole Hearings (hereinafter, "Board"), pursuant to authority granted by California Penal Code §§ 3052 and 5076.2, repealed section 2817 effective January 19, 1994.[2] Id.; See Cal. Penal Code § 3052 (West 2000); see also Cal. Penal Code § 5076.2 (West 2000).

On August 22, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of Imperial County challenging the repeal of section 2817. (Doc. 1 at Exhibit H.) On November 1, 2007, the Superior Court of Imperial County denied, without consideration on the merits, the petition for failure to comply with California Rules of Court 4.551, which required that a Petition for Writ of Habeas Corpus be submitted on an approved Judicial Council form. Id. On

---

[1] For the purposes of this Petition, Petitioner's post-conviction appeals are not important. Petitioner is challenging the retroactive repeal of California Code of Regulation, section 2817, not his conviction. (Doc. 1 at 2.)

[2] At the time section 2817 was repealed, the Board of Parole Hearings was known as the Board of Prison Terms The Board of Prison Terms was abolished in 2005 and replaced by the Board of Parol Hearings. Cal. Penal Code § 5075 (West 2005). The Board is a division of the State of California's Department of Corrections and Rehabilitation. The California Code of Regulations defines the Board as the "administrative board responsible for setting parole dates, establishing parole length and conditions, discharging sentences for certain prisoners and parolees; granting, rescinding, suspending, postponing, or revoking paroles; conducting disparate sentence reviews; advising on clemency matters; and handling miscellaneous other statutory duties." Cal. Code Regs. tit. 15, § 2000(a)(10) (2009). The Board of Parole Hearing's regulations are at Title 15, Division 2, Sections 2000-2999 of the California Code of Regulations. These regulations are reviewed by the Office of Administrative Law and must comply with the standards set forth in California's Administrative Procedure Act (APA). See http://www.oal.ca.gov/.

November 26, 2007, Petitioner filed a petition for Writ of Habeas Corpus in the Court of Appeal, Fourth Appellate District, Division One of the State of California. (Id. at Exhibit I.) On March 7, 2008, the same court denied the petition on the basis that it related to Petitioner's sentence, not to the conditions of Petitioner's confinement. Id. On April 9, 2008, Petitioner filed a petition for Writ of Habeas Corpus with the Supreme Court of California. (Id. at Exhibit J.) On October 22, 2008, the Supreme Court of California, sitting en banc, denied the petition without citation of authority. Id.

On November 21, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California. (Doc 1.) On January 9, 2009, Respondent filed a motion to dismiss on the ground that Petitioner filed an untimely petition. (Doc 2.)

## III. Discussion

**A.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2244, which provides one year for state prisoners to file a federal habeas corpus petition. AEDPA, and its one year limitations period, applies to all federal petitions filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). April 24, 1997 was the deadline for petitions related to claims arising before AEDPA's enactment. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). AEDPA also states, in pertinent part, that:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2007).

In habeas petitions that challenge decisions of administrative bodies such as parole boards, subparagraph (D) of § 2244(d)(1) applies. 28 U.S.C. § 2244(d)(1)(D); cf. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that § 2244(d)(1)(D)-rather than subsection (A)-applies to habeas petitions challenging a state prison's administrative disciplinary decision); Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies to habeas claims challenging the California Board of Prison Term's denial of an administrative appeal). Furthermore, Section 2244(d)(1)(D) applies to those who could not discover the factual predicate for their claims, not those who "sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 & n.14 (5th Cir. 1999); see also Majoy v. Roe, 296 F.3d 770, 777 n.3 (9th Cir. 2002). The statute of limitations for § 2244(d)(1)(D) "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Finally, the Ninth Circuit holds the 2244 (d)(1) limitation period "applies to all petitions filed by a 'person in custody pursuant to the judgment of a State court.'" Shelby, 391 F.3d at 1065 (quoting Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)).

Under the repealed version of section 2817, Petitioner should have received a review on February 25, 1994. (Doc. 1 at 7.) However, the Board repealed section 2817 effective January 19, 1994 and Petitioner did not receive such a review. Id. Thus, on February 25, 1994, Petitioner knew, or through the exercise of due diligence could have discovered, the factual predicate–not receiving a hearing–of the present claim. AEDPA's enactment on April 24, 1996 does not change this analysis. April 24, 1997 was the deadline for claims that arose prior to AEDPA. Patterson, 251 F.3d at 1246. Petitioner's claim arose on February 25, 1994, before AEDPA became the law. Accordingly, April 24, 1997 was the last day Petitioner could have timely filed his federal petition, absent tolling of the statute of limitations.

Petitioner filed his initial petition in the Superior Court of Imperial County on August 22, 2007. (Doc. 1 at Exhibit H.) As such, the Petition is time-barred unless AEDPA's statutory tolling provision brings the Petition within the limitations period, or the doctrine of equitable tolling is applied such that the filing deadline is extended.

//

Petitioner argues that AEDPA's statute of limitations is inapplicable to this situation. Specifically, Petitioner contends that AEDPA's statute of limitations does not apply because he is challenging a continuing deprivation of rights (not a judgment), the predicate facts of his claim are not identifiable to a certain date in time, and a strict application of AEDPA's limitations period to the present matter would not serve AEDPA's purposes of promoting comity, federalism, and the finality of state court judgments. (Doc. 6 at i.) Petitioner's general argument does not reflect Ninth Circuit precedent. In Shelby, the defendant argued that § 2244's one-year limitation period did not apply to him because he was challenging a prison disciplinary proceeding rather than "the judgment of a State court." 391 F.3d at 1065. The court found, however, that the limitation period in § 2244 was not limited to petitions challenging a state court judgment. Id. The court held that § 2244(d)(1)'s one-year limitation period "reach[ed] any and every habeas petition filed by persons who are in custody pursuant to state court judgments [and] . . . [did] not distinguish based on the contents of a petitioner's claim, but encompass[ed] all 'application[s] for writ of habeas corpus.'" Id. (quoting Wade, 327 F.3d at 331). Petitioner is in custody pursuant to the judgment of a state court and, as such, his petition is controlled by AEDPA's statute of limitations period.

**1.   Statutory Tolling**

The statutory tolling provision contained in the AEDPA provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (2007).

Petitioner is not entitled to statutory tolling because he filed his applications for collateral review in state court after April 24, 1997. (Doc. 1 at Exhibit H.) The entire pendency of Petitioner's state review occurred after the statute of limitations expired on the Petitioner's claim on April 24, 1997. On August 22, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of Imperial County challenging the repeal of section 2817. Id. The Superior Court of Imperial County denied, without consideration on the merits, the Petition on November 1, 2007. Id. On November 26, 2007, Petitioner filed a petition for Writ of Habeas Corpus in the Court of Appeal

//

Fourth Appellate District, Division One of the State of California.  (Id. at Exhibit I).  On March 7, 2008 the Court of Appeal, Fourth Appellate District, Division One of the State of California denied the Petition.  (Id.)  On April 9, 2008, Petitioner filed a petition for Writ of Habeas Corpus with the Supreme Court of California.  (Id. at Exhibit J.)  On October 22, 2008, the Supreme Court of California, sitting en banc, denied the Petition.  (Id.)  Although the entire period of time from August 22, 2007-October 22, 2008 would be subject to statutory tolling, this period of time occurred after April 24, 1997, when AEDPA's statute of limitations expired on the Petitioner's claim.  As such, the Petitioner is not entitled to statutory tolling.

**2.     Equitable Tolling**

Although AEDPA's statute of limitations is subject to equitable tolling, the conditions necessary to invoke this doctrine are not met by the Petitioner.  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002).  A petitioner bears the burden of showing that equitable tolling is appropriate. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).  The Court's determination "whether there are grounds for equitable tolling [is] highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).  To be entitled to equitable tolling, a petitioner must demonstrate that some extraordinary circumstance stood in his way, and that he has been pursuing his rights diligently. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Although a lack of AEDPA materials in a petitioner's prison library may trigger the doctrine of equitable tolling, a petitioner must do more than simply say "the prison lacked relevant statutes and case law or that the procedure to request specific materials was inadequate."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  But see Whalem/Hunt, 233 F.3d at 1146 (finding that petitioner's allegation the law library of the prison in which he was incarcerated did not have legal materials describing AEDPA until June 1998, and that he had "no knowledge of any limitations period" prior to December 1998, warranted further factual development).  In Roy v. Lampert, 465 F.3d 964, 974 (9th Cir. 2006), the court held petitioner satisfied his pleading burden for equitable tolling.  The court found the petitioner met his burden by showing that the prison library had only outdated legal materials (none of which contained AEDPA), that he pursued his claim within a reasonable period of

//

1  time before an external impediment arose, and that he took actions in pursuing his federal habeas
2  claims before the limitations period expired.  Id.

3  Here, Petitioner generally alleges that "vagaries within the prison system" prevented him
4  from filing the current Petition before November 21, 2008.  (Doc. 1 at 8.)  Petitioner further argues
5  he is entitled to equitable tolling because Calipatria State Prison, where he is housed, does not have
6  available, archived copies of the CCR which include the repealed language of section 2817.  (Doc. 6
7  at 15.)  Specifically, Petitioner contends his lack of access to the archived language of section 2817
8  prevented him from preparing arguments for his state court petition until July 2007.  (Doc. 6 at 15.)
9  Petitioner acknowledges, in contrast to Roy, that Calipatria maintains current copies of the CCR.  Id.
10 Petitioner also acknowledges he "was aware . . . of the fact that he had a right to a commutation
11 review."  Id.  Petitioner does not state in either his Petition or Opposition if he had access to current
12 copies of the CCR when the Board repealed section 2817 in 1994.  (Doc. 1; Doc. 6.)  Similarly, none
13 of Petitioner's materials state if he had access to AEDPA-related materials.  Id.  As such, Petitioner
14 has not met the burden of proving that some extraordinary circumstance prevented him from
15 accessing either the CCR or AEDPA between February 25, 1994 (when Petitioner should have
16 received his hearing) and April 24, 1997 (when the statute of limitations for pre-AEDPA claims
17 expired).

18 Moreover, Petitioner fails to carry his burden showing he diligently pursued his rights and is
19 entitled to equitable tolling.  Under the repealed version of section 2817, the Board should have
20 reviewed Petitioner's sentence on February 25, 1994.  (Doc. 1 at 7.)  However, the Board repealed
21 section 2817 effective January 19, 1994 and Petitioner did not receive such a review.  Id.  Thus, on
22 February 25, 1994 Petitioner knew, or through the exercise of due diligence could have discovered,
23 the factual predicate of the present claim.  Petitioner does not describe any of the steps he took to
24 diligently pursue his rights between the date when he should have received a hearing pursuant to
25 CCR section 2817 and the date he filed his initial petition with the Superior Court of Imperial
26 County.  Thus, Petitioner fails to carry his burden of showing he is entitled to equitable tolling.
27 //
28 //

## IV. Conclusion

After thorough review of the record in this matter and based on the foregoing analysis, it is RECOMMENDED that Respondent's Motion to Dismiss be GRANTED.  The Court finds that AEDPA's statute of limitations applies to this Petition, Petitioner is not entitled to equitable tolling, and, the Petition is untimely.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than July 17, 2009**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: June 18, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc:		The Honorable Larry A. Burns
		all parties