# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CARILLO,<br><br>　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE,<br><br>　　　　　　Respondent. | CASE NO. 08cv2165-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　On November 21, 2008, Petitioner, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636, his petition was referred to Magistrate Judge Louisa Porter for report and recommendation. On June 16, 2009, Judge Porter issued her report and recommendation (the "R&R"), to which Petitioner filed objections (the "Objections").

　　　　Petitioner was convicted on January 13, 1982 of first degree murder with the use of a firearm, robbery, and unlawfully taking a vehicle. At the time of his conviction, California Code of Regulations § 2817 provided that certain prisoners sentenced to life without the possibility of parole were nevertheless entitled to periodic review hearings to determine whether they should be considered for commutation and pardon. The first hearing was to be held 12 years after the prisoner began serving his sentence, and hearings were to be held every three years thereafter. This provision was, however, repealed effective January 19, 1994 by the Briggs Initiative, which Petitioner argues was an *ex post facto* law. Had the

provision not been repealed, Petitioner would have been given his first hearing in February, 1994. Petitioner was aware that he had a right to a commutation review, but did nothing to pursue it until August 22, 2007 when he filed a petition for writ of habeas corpus in state court. The R&R concluded his petition was time-barred under 28 U.S.C. § 2244(d)(1).

The district court has jurisdiction to review the magistrate judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Petitioner is proceeding pro se, the Court construes his pleadings liberally and affords him any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Petitioner's Objections are divided into paragraphs. The objections in paragraphs 1, 4, 5, and 8 are generalized objections to the R&R's conclusions, which require no review. *See, e.g., United States v. Burkey*, 2009 WL 1616564, slip op. at 2–3 (D.Nev., June 8, 2009) (reviewing case law and statutory authority, and concluding that no review of generalized or conclusive objections to a magistrate judge's report and recommendation is required).

In paragraph 2, Petitioner objects that his claim is not time-barred under the "continuing violation" doctrine, because each failure to hold a hearing counts as a new *ex post facto* violation. The latest failure, he argued, was in February, 2006. (Obj. to Mot. to Dismiss, 14:5–9.) Petitioner's claim, however, accrued as soon as he discovered, or with due diligence could have discovered, the factual predicate for it. *Redd v. McGrath*, 343 F.3d

1077, 1082–83 (9th Cir. 2003). Where a prisoner alleges a change in policy constitutes an *ex post facto* law, each continued application of the same policy does not involve separate factual predicates. *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261–62 (11th Cir. 2003); *McAleese v. Brennan*, 483 F.3d 206, 217–19 (3d Cir. 2007) . The limitations period therefore began to run on February 25, 1994, when Petitioner did not receive a commutation hearing. *See Allen v. Cate*, 2009 WL 426194 (S.D.Cal., Feb. 19, 2009) (finding petitioner's challenge to repeal of section 2817 was time-barred because he should have raised it when parole board first failed to give him a commutation hearing).

In paragraph 3, Petitioner asserts the limitations period is "wholly inapplicable" to his claims, although he does not explain why. Petitioner is in custody pursuant to the judgment of a state court, so the limitation period in § 2244(d)(1) applies to him. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd*, 343 F.3d at 1081–82. The limitations period applies even to the failure of an administrative body to take action. *Hill v. Kane*, 264 Fed.Appx. 603 (9th Cir. 2008) (citing *Redd*, 343 F.3d at 1084–85).

In paragraph 6, Petitioner argues he was unable to locate the statutory language of the repealed section 2817 and therefore could not file a claim. He therefore argues he is entitled to equitable tolling. In paragraph 7, Petitioner argues the Magistrate Judge erred by failing to hold an evidentiary hearing on the issue of equitable tolling. The pleadings, however, make clear Petitioner first began to look into the provisions of section 2817 years after the limitations period had run. Petitioner argues that because the prison library did not maintain copies of the long-repealed section 2817 during the period from February, 2006 to July, 2007, he is entitled to equitable tolling. (Opp'n to Mot. to Dismiss, 14:22–24, 15:6–9.) These arguments fail because it is clear Petitioner did not pursue his rights diligently, and allowed the limitations period to expire long before beginning to conduct research. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requiring a petitioner seeking equitable tolling to show he has been pursuing his rights diligently but some extraordinary circumstance stood in his way). He is not entitled to an evidentiary hearing under these circumstances. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

1 | Petitioner's Objections are therefore **OVERRULED**. The R&R is **ADOPTED** and the
2 | Petition is **DENIED**.
3 |     **IT IS SO ORDERED**.
4 | DATED: August 16, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge